SMITH *v.* BOARD OF EDUCATION OF FLOYD COUNTY
*et al.; et vice versa.*

756

Nos. 6773, 6823.   JULY 11, 1929.

*M. B. Eubanks,* for plaintiff in error.

*G. A. H. Harris,* contra.

BECK, P. J.   On January 7, 1926, the Board of Education of Floyd County filed a petition to register land described therein.   John M. Smith, who was served with the petition, appeared as an objector and filed his answer.   None of the other parties who were served answered or defended; but A. W. Busby & Son, a partnership, filed a request in writing that the land be registered in the name of the applicant.   The matter was referred to an examiner; and on April 20, 1926, he filed his final report, to-

gether with the evidence taken by him on the several hearings had before him. John M. Smith filed his exceptions of law and exceptions of fact to the report of the examiner. The judge presiding at the trial approved the exceptions of fact and referred them to a jury for trial. When the case came on for trial upon the issues made by the exceptions of fact, a verdict against all of the exceptions of fact was rendered. Smith filed a motion for a new trial, and after a hearing the court overruled the motion. To that judgment Smith excepted and brought the case here for review. The defendant in error in the main bill of exceptions filed a cross-bill assigning error upon the judgment overruling its demurrer to the exceptions filed by Smith, on the ground of the insufficiency and incompleteness of such exceptions.

■■■ It is not necessary to elaborate the rulings made in the first five headnotes.

■ In the motion for a new trial error is assigned upon the refusal of the court to give the following charge, duly requested in writing: "If Mr. Smith, in the deed referred to in the pleadings and evidence, provided, among other things, that if the property described should cease to be used for school purposes, that in the event the property should revert back to him, Smith, then your verdict would be for Smith, that is in favor of exception number six." The court did charge the jury in part as follows: "If you find that Mr. Smith, in the deed referred to, provided that if the property described should cease to be used for school purposes, then in that event the property should revert back to him, if you find that fact, that the Board of Education was not bona fide purchasers, then you would find in favor the reversion and in favor of exception six. However, it would be necessary for the Board of Education to have notice of the reservation and reversion in the deed." That is, the written request was given with a very material qualification. We are of the opinion that the jury should have been instructed in the language of the request. While the applicant in this case does claim title both by deed and by prescription based upon open and adverse possession, all of the evidence shows that that possession was under a claim of title by a deed in which the trustees of the West Rome Public School or the Board of Education of Floyd County were the grantees; the theory of the applicant being that if the deed was not executed directly to the

Board of Education of Floyd County, it was executed to the West Rome Public School, a subsidiary body, which, if it took at all under the deed, took for the Board of Education. In view of this fact, the Board of Education is chargeable with notice of any reservation that was in the deed executed by Smith, and this question should not have been submitted to the jury; and the effect of the reservation should not have been made dependent upon whether or not the Board of Education had actual notice of the reservation in the deed; as the law charges it with notice.

But even if there were evidence to support the applicant's claim of title by prescription independently of the deed from Smith, the objector, which conveyed either to the Board of Education or to the West Rome Public School, nevertheless, when the court gave the charge quoted above in lieu of the request as written, the court was evidently referring to the claim of title made by the applicant as based upon the deed from Smith, and it was error to make a finding by the jury in favor of Smith, in case they found that the reservation as claimed by him was actually in the deed, depend upon whether or not the Board of Education was a bona fide purchaser, or upon whether it had notice of the reservation in the deed; for if the Board of Education claim under that deed, they are bound by the terms of the reservation, whether they took with actual notice of it, or whether they bought in good faith or not.

██ The rulings made in the 7th and 8th headnotes require no elaboration.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except*

BECK, P. J., dissenting. I dissent from the ruling in the second headnote. The rule stated in the case of *Rock Run Iron Co.* v. *Miller,* 156 *Ga.* 136, that the applicant for registration of his title to lands under the land-registration act must allege and prove good title in himself thereto, is undoubtedly true. But if another party than the applicant for registration, who has or apparently has title to the land, comes in and waives all of his rights and consents to the registration of the title in the name of the applicant for registration, he thereby forever estops himself and his privies from asserting title to the land in question. If he is the only party having a claim of interest in the land other than the applicant, and he makes such a waiver or enters such a consent as

that indicated, and there is no valid claim on the part of any other person of an interest in the land, then the applicant has good title in himself and is entitled to the registration of the land as sought.